Alyssa M. Bruno (PA Id. #321345)
abruno@abrunolaw.com
A. BRUNO LAW
P.O. Box 468
Easton, PA 18044
Telephone: (610) 258-4003

Stephen M. Doniger, *pro hac vice forthcoming*
stephen@donigerlawfirm.com
Benjamin F. Tookey, *pro hac vice forthcoming*
btookey@donigerlawfirm.com
DONIGER / BURROUGHS
603 Rose Avenue,
Venice, CA 90291
Telephone: (310) 590-1820

*Attorneys for Plaintiff*

## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AUGUST IMAGE, LLC, a New York Limited Liability Company,<br><br>Plaintiff,<br><br>v.<br><br>DIFFERENT BY CHOICE CORPORATION, d/b/a "InClub Magazine," a Pennsylvania Corporation; DION RINGGOLD, an individual; and DOES 1-10,<br><br>Defendants. | Case No. 2:26-cv-4389<br><br>COMPLAINT FOR COPYRIGHT INFRINGEMENT<br><br>**Jury Trial Demanded** |

Plaintiff August Image, LLC hereby prays to this Court for relief based on the following:

**JURISDICTION AND VENUE**

1.     This action arises under the Copyright Act of 1976, 17 U.S.C. § 101, *et seq.*

2.     This Court has federal question jurisdiction under 28 U.S.C. §§ 1331, 1338(a)-(b).

3.     Venue in this judicial district is proper under 28 U.S.C. §§ 1391(c) and 1400(a) because this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred, as set forth below.

**PARTIES**

4.     August is a New York limited liability company with its principal place of business located at 22 West 23rd Street, 3rd Floor, New York, NY 10010. August, a full-service rights managed collection, represents an elite group of portrait, lifestyle, beauty, and fashion photographers for editorial and commercial licensing. As the exclusive administrator and syndicator of the photographs at issue in this case and the copyrights therein, August is entitled to institute and maintain this action under 17 U.S.C. § 501(b).

5.     Upon information and belief, Defendant Different By Choice Corporation d/b/a "InClub Magazine" ("InClub Magazine") is a Pennsylvania corporation with a principal place of business located at 155 E. Godrey Avenue, P203, Philadelphia, PA 19120.

6.     Upon information and belief, Defendant Dion Ringgold ("Ringgold") is an individual residing in Philadelphia, PA.

7.     Upon information and belief, InClub Magazine and Ringgold are doing business in and with the Commonwealth of Pennsylvania and residents of this judicial district in connection with their ownership, operation, and/or control of the online digital media publication at https://inclubmagazine.com/ and its related/affiliated subdomains, mobile websites, applications, and social media pages, including instagram.com/inclubmagazine and

facebook.com/inclubmagazineus (collectively, "Defendants' Website")—including by reporting on Pennsylvania-centric pop culture and transacting with the Pennsylvania-local news station NBC10 Philadelphia (https://inclubmagazine.com/about/ last accessed 06/25/2026). Moreover, the "Terms and Conditions" for Defendants' Website state, among other things, that 'these Terms and Conditions…shall be governed by and construed in accordance with the laws of the state of Pennsylvania." (https://inclubmagazine.com/terms-conditions/ last accessed 06/25/2026).

8. Upon information and belief, Defendants Does 1-10 ("Doe Defendants") (altogether with InClub Magazine and Ringgold, "Defendants"), are other parties not yet identified who have infringed the asserted copyrights, have contributed to the infringement of those copyrights, or have engaged in one or more of the wrongful practices alleged herein. The true names, whether corporate, individual, or otherwise, of Doe Defendants are presently unknown to August, which therefore sues said Doe Defendants by such fictitious names and will seek leave to amend this Complaint to show their true names and capacities when the same have been ascertained.

9. Upon information and belief, each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the other Defendants, and was at all times acting within the scope of such agency, affiliation, alter-ego relationship, and/or employment; and actively participated in, subsequently ratified, and/or adopted each of the acts or conduct alleged, with full knowledge of each violation of August's rights and the damages to August proximately caused thereby.

## FIRST CLAIM FOR RELIEF

10. August is the exclusive administrator and syndicator of twenty-nine (29) original photographs (and the copyrights therein) registered with the U.S. Copyright Office (collectively, the "Subject Photographs"). At all relevant times, August has been the exclusive licensing agent

for the Subject Photographs and the photographers who took them. Accordingly, August has standing to maintain this action under 17 U.S.C. § 501(b).

11.     Following the publication and display of the Subject Photographs, Defendants, and each of them, copied, stored, displayed, reproduced, distributed, and otherwise exploited the Subject Photographs on Defendants' Website without a license, authorization, or consent from August (collectively, the "Accused Posts").

12.     To the extent Defendants exploited the Accused Posts (and/or any/all other copies of the Subject Photographs) on Defendants' Website more than three years before the filing of this case, August did not know, and had no reason to know, of such exploitation(s).

13.     Exemplars of the Subject Photographs, along with the webpages of Defendants' Website and screenshots of Defendants' social media pages on which unauthorized copies of the Subject Photographs were used, are set forth in **Exhibit A**.

14.     Upon information and belief, Defendants, and each of them, accessed the Subject Photographs by, among other things, viewing the Subject Photographs at August's and/or the relevant photographers' website(s), profiles, exhibitions, and/or social media pages; through third-party publications, websites, or Internet search engines; and/or because the Accused Posts are verbatim copies of, and thus strikingly similar to, the Subject Photographs.

15.     Upon information and belief, Defendants, and each of them, copied, stored, displayed, distributed, and/or otherwise exploited verbatim copies of the Subject Photographs for commercial purposes on Defendants' Website without a license, authorization, or consent from August.

16.     Due to Defendants' acts of copyright infringement, August has suffered damages in an amount to be established at trial.

17.     Due to Defendants' acts of copyright infringement, Defendants, and each of them, have obtained profits they would not have realized but for their infringement of the copyrights in

4

COMPLAINT

the Subject Photographs. As such, August is entitled to disgorgement of Defendants' profits attributable to Defendants' infringement of the copyrights in the Subject Photographs in an amount to be established at trial.

18.     Upon information and belief, Defendants, and each of them, exploited unauthorized copies of the Subject Photographs with actual or constructive knowledge of, or with reckless disregard or willful blindness for, the copyrights in the Subject Photographs, such that said acts of copyright infringement were willful.

**PRAYER FOR RELIEF**

Wherefore, August prays for judgment as follows:

a.  That Defendants, each of them, their respective agents, and anyone working in concert with Defendants and/or their agents, be enjoined from copying, storing, displaying, distributing, and/or otherwise exploiting the Subject Photographs without a license, authorization, or consent from Plaintiff in a manner that infringes the copyrights in the Subject Photographs;

b.  That Plaintiff be awarded all Defendants' profits, and all Plaintiff's losses, attributable to Defendants' infringement, the exact sum to be proven at the time of trial; or alternatively, if elected, statutory damages as available under 17 U.S.C. § 504;

c.  That Plaintiff be awarded its costs and fees as available under 17 U.S.C. § 505;

d.  That Plaintiff be awarded pre-judgment interest as allowed by law;

e.  That Plaintiff be awarded such further legal and equitable relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands a jury trial on all issues so triable pursuant to Fed. R. Civ. P. 38 and the 7th Amendment to the United States Constitution.

                                                 Respectfully submitted,

Dated: June 25, 2026                    By:    /s/ *Alyssa M. Bruno*
                                                 Alyssa M. Bruno, Esq.
                                                 BRUNO LAW

                                                 Stephen M. Doniger, Esq.
                                                 Benjamin F. Tookey, Esq.
                                                 DONIGER / BURROUGHS

                                                 *Attorneys for Plaintiff*

### CERTIFICATE OF SERVICE

I hereby certify that on June 25, 2026, a true and correct copy of the foregoing **PLAINTIFF AUGUST IMAGE, LLC COMPLAINT** was filed electronically with the United States District Court for the Eastern District of Pennsylvania through the Court's CM/ECF system.  All parties may access this filing through that system.  A copy of this filing will be sent to Defendants at the email and address listed below:

        Different by Choice Corporation, d/b/a InClub Magazine
        (info@inclubmagazine.com)
        Dion Ringgold
        155 E Godfrey Ave. P203
        Philadelphia, PA 19120

**A.  BRUNO LAW**

By:   */s/ Alyssa M. Bruno*
       ALYSSA M. BRUNO

Dated:  June 25, 2026      *Attorney for Plaintiff August Image, LLC*